Gamarro Meneses v. Barr

BIA
Ruehle, IJ
A201 217 060

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand nineteen.

PRESENT:
>        ROBERT A. KATZMANN,
>               *Chief Judge,*
>        RAYMOND J. LOHIER, JR.,
>        RICHARD J. SULLIVAN,
>               *Circuit Judges.*

_____

SAUL GAMARRO MENESES,
>     *Petitioner,*

>     v.                                              18-195
                                                      NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONER:          Jose Perez, Law Offices of Jose
                         Perez, P.C., Syracuse, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Justin Markel,
                         Senior Litigation Counsel;
                         Virginia Lum, Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Saul Gamarro Meneses, a native and citizen of Guatemala, seeks review of a December 21, 2017, decision of the BIA affirming a March 10, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Saul Gamarro Meneses,* No. A201 217 060 (B.I.A. Dec. 21, 2017), *aff'g* No. A201 217 060 (Immig. Ct. Buffalo Mar. 10, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such

2

statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The multiple inconsistencies in Gamarro Meneses's statements regarding the basis for the alleged persecution and the incidents of past harm provide substantial evidence for the agency's adverse credibility determination.

Gamarro Meneses alleged persecution by the Guatemalan government, specifically that the government colluded with drug traffickers and seized land from him or his community to build an airstrip. Gamarro Meneses's testimony, written statements, and documentary evidence were inconsistent as to whether he owned the disputed land or whether his employees or a community owned it, and as to who seized the land and for what purpose. These inconsistencies called into question the central tenet of his claim and support the agency's adverse credibility determination. *See Xian Tuan Ye v. Dep't*

3

*of Homeland Sec.,* 446 F.3d 289, 295 (2d Cir. 2006) (holding that a material inconsistency regarding the basis of an applicant's asylum claim is substantial evidence of adverse credibility). Gamarro Meneses did not provide a compelling explanation for these discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for . . . inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

Moreover, the agency did not err in relying on Gamarro Meneses's failure to testify about all the incidents of past harm. He told immigration officials that he was attacked in 2007 and accused of possessing a bomb, that his son was kidnapped, and that he was shot at three times. But he testified about none of these. The agency reasonably relied on these omissions given the severity of the alleged incidents. *See Hong Fei Gao*, 891 F.3d at 78-79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances."). The IJ was not required to accept Gamarro Meneses's testimony that he initially forgot one time he was shot at, given the

4

significance of such an event to his claim. *See Majidi,* 430 F.3d at 80-81.

The agency also reasonably relied on Gamarro Meneses's conflicting accounts of his abandonment of his Canadian asylum application and whether he returned to Guatemala since fleeing for his life in 2008. *See Xiu Xia Lin,* 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency . . . in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))).

Having questioned Gamarro Meneses's credibility, the agency reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the IJ found, Gamarro Meneses's documents did not list him as the landowner, and he failed to produce documents he allegedly had to corroborate his alleged complaints or cooperation with U.S. authorities.

Given the inconsistencies, omissions, and lack of reliable corroboration, the adverse credibility determination

is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions are hereby DENIED and stays are VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
